UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
                                                            :
OMAR ABDULAZIZ,                                             :
                                    Plaintiff,              :
                                                            :           21 Civ. 1219 (LGS)
                    -against-                               :
                                                            :           ORDER
MCKINSEY & COMPANY, INC., et al.,                           :
                                    Defendants.  :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

        WHEREAS, familiarity with the background of this case is assumed.

        WHEREAS, this Court's Opinion and Order (Dkt. No. 27), issued on September 22, 2021

(the "Dismissal Order"), granted Defendants' motion to dismiss for failure to state a claim

pursuant to Federal Rule of Civil Procedure 12(b)(6).

        WHEREAS, the Dismissal Order held that (1) Plaintiff's intentional tort claims were

barred by the statute of limitations, and that (2) Plaintiff's negligence claims failed to allege that

Defendants owed Plaintiff any legally cognizably duty of care.

        WHEREAS, the Dismissal Order directed Plaintiff to seek to replead by October 13,

2021, by (1) filing a letter motion explaining how an amended complaint would allege facts that

would give rise to a legally cognizable duty owed by McKinsey, and (2) appending to the letter

motion a proposed First Amended Complaint ("PFAC"), marked to show changes from the

original complaint.

        WHEREAS, on October 13, 2021, Plaintiff filed a letter motion requesting leave to file a

First Amended Complaint, marked to show changes made to the original complaint (Dkt. No.

30).

        WHEREAS, on October 20, 2021, Defendants filed a letter in opposition (Dkt. No. 31).

WHEREAS, leave to amend should be freely given "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "This permissive standard is consistent with [the court's] strong preference for resolving disputes on the merits."  *Williams v. Citigroup Inc.*, 659 F.3d 208, 212-13 (2d Cir. 2011) (internal quotation marks omitted); *accord Travelex Currency Servs., Inc. v. Puente Enters., Inc.*, 449 F. Supp. 3d 385, 394 (S.D.N.Y. 2020).  "However, where the plaintiff is unable to demonstrate that he would be able to amend his complaint in a manner which would survive dismissal, opportunity to replead is rightfully denied."  *Hayden v. Cty. of Nassau*, 180 F.3d 42, 53 (2d Cir. 1999); *accord Olson v. Major League Baseball*, 447 F. Supp. 3d 174, 177 (S.D.N.Y. 2020).  Leave also may be denied where the plaintiff "fails to specify either to the district court or to the court of appeals how amendment would cure the pleading deficiencies in its complaint."  *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014).  It is hereby

**ORDERED** that Plaintiff's motion to file an amended complaint is **DENIED**, as Plaintiff's proposed amendments do not cure the deficiencies in the Dismissal Order.  The PFAC alleges that Defendants owed Plaintiff a duty based on an alleged internal policy, stemming from a public statement in which a McKinsey spokesperson stated that "McKinsey has not and never would engage in any work that seeks to target individuals based on their views."  Such a statement does not give rise to a reasonable inference that Defendants maintained a policy to protect and warn individuals identified in the course of their work, that such a policy existed at the time of the alleged breach, and that such a policy was intended to apply to third parties, such as Plaintiff.  Even if the PFAC sufficiently alleged the existence of such a policy, it would not be sufficient grounds for establishing a duty under New York law.  In *Pink v. Rome Youth Hockey Ass'n Inc.*, 63 N.E.3d 1148, 1151 (N.Y. 2016), the New York Court of Appeals instructed that the "violation of an organization's internal rules is not negligence in and of itself," and "where

an internal policy exceeds the standard of ordinary care, it cannot serve as a basis for liability" (internal quotation marks and citation omitted); *see also Oddo v. Queens Vill. Comm. For Mental Health for Jamaica Cmty. Adolescent Program, Inc.*, 71 N.E.3d 946, 950 (N.Y. 2017) (declining to find defendant was negligent for failing to follow an internal policy); *Safa v. Bay Ridge Auto*, 924 N.Y.S.3d 535, 537 (2d Dep't 2011) ("There is no basis for the proposition that a party may be liable for failing to follow a policy which it has adopted voluntarily, and without legal obligation, especially when there is no showing of detrimental reliance by the plaintiff on the defendant following that policy") (internal quotation marks omitted).  Here, a policy requiring Defendant to identify and warn any person who might be negatively affected in the course of conducting research, performing investigations, or otherwise providing information to a client would exceed the standard of ordinary care.  As the Dismissal Order explained, "New York courts typically resist such broad expansions of the duty of care."  The PFAC also fails to allege any new facts indicating that Defendant had the authority and ability to control KSA or MBS in their conduct toward Plaintiff.  *Oddo*, 71 N.E.3d at 950.

The Clerk of Court is respectfully directed close all outstanding motions, cancel the pre-motion conference scheduled for November 4, 2021 at 11:00 a.m., and terminate the case.

Dated: October 28, 2021
New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**